IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREW RIVELL, M.D. and ALAN B. WHITEHOUSE, M.D., individually, and on behalf of those similarly situated, and the MEDICAL ASSOCIATION OF GEORGIA, | * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 106-176 |
| PRIVATE HEALTH CARE SYSTEMS, INC. and THE CAPELLA GROUP, INC., d/b/a CARE ENTRÉE, | * * * * * | |
| Defendants. | * | |

**ORDER**

The captioned case is presently before the Court on Defendant Private Health Care Systems, Inc.'s ("PHCS") motion for summary judgment. (Doc. no. 140.) In response to Defendant's motion, Plaintiffs have filed a motion, pursuant to Federal Rule of Civil Procedure 56(f), requesting that the Court deny, without prejudice, or continue the motion for summary judgment, for the purpose of deferring further briefing and a ruling until Plaintiffs have had an opportunity to conduct discovery on the factual

assertions upon which PHCS's motion is based. (Doc. no. 157 at 1.)

In conjunction with its response and in accordance with Rule 56(f), Plaintiffs have submitted the affidavit of Kenneth S. Canfield, one of the attorneys for the named plaintiffs in this action. (Id., Ex. 3) Mr. Canfield correctly points out in his affidavit that, up to this point, Plaintiffs' discovery has been substantially limited by order of this Court. (Canfield Aff. ¶ 2; Doc. no. 81 at 2.) In the parties' Rule 26(f) report, Defendants requested a six-month "class discovery" period, and, following resolution of Plaintiffs' motion for class certification, a six-month "merits discovery" period. (Doc. no. 58 at 3.) On May 13, 2008, the Court issued an order granting Defendant's request in its entirety, and "merits discovery" was stayed, pending this Court's decision as to class certification. (Doc. no. 81 at 2.) On August, 24, 2009, the Court denied Plaintiffs' motion for class certification. (Doc. no. 156.) Shortly thereafter, Plaintiffs filed a Motion for Reconsideration on Motion to Certify Class, which is presently pending before the Court. (Doc. no. 158.)

Mr. Canfield asserts that, due to the discovery restrictions, Plaintiffs have not only limited their requests and questioning throughout the initial phase of

2

discovery, but have been unable to obtain, among other things, sufficient discovery regarding PHCS's "exclusion policy" and its intent, motivations, and knowledge, such that PHCS has been unable to sufficiently respond to Defendant PHCS's motion. (Canfield Aff. ¶¶ 3-4; see also, Doc. no. 157, Ex. 3.)

Federal Rule of Civil Procedure 56(f) reads as follows:

> If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"Subsection (f) allows a party who 'has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof.'" Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983) (citation omitted). "Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998).

3

The Court finds that Plaintiffs have properly justified their failure to sufficiently respond to and provide evidence disputing Defendant PHCS's motion for summary judgment. Mr. Canfield's affidavit, his attached letter to PHCS, and Plaintiffs' motion, explicitly set forth the reasons why Plaintiffs have not been able to present facts essential to justify their position and note specific discovery yet to be obtained that could reveal facts essential to justify Plaintiffs' position.

Plaintiffs argue they are entitled to denial of summary judgment without prejudice or a continuance because "they have been precluded by Court order from conducting any discovery addressed specifically to the merits of the case." (Doc. no. 157.) "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." <u>Miller v. Mackey Int'l, Inc.</u>, 452 F.2d 424, 427 (5th Cir. 1971).[1] The Court recognizes that "a consideration of the merits of the named plaintiffs' claims has no bearing on the issue of class certification," <u>Thornton v. Mercantile Stores Co., Inc.</u>, 13 F. Supp. 2d 1282, 1290 (M.D. Ala. 1998), and, therefore, it is very

---

[1] <u>See</u> <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

4

reasonable to assume Plaintiffs may have restricted the scope of their discovery as to the merits and facts related to the claims of the named plaintiffs.

The Court acknowledges the fact that the scheduling order issued in this case, based largely upon Defendants' request found in the 26(f) report, was somewhat ambiguous. Unlike scheduling orders issued in other class actions,[2] the scheduling order in this case did not specify whether the class certification phase of discovery necessarily encompassed the facts and merits underlying the named plaintiffs' claims. The Court is unwilling, in light of this ambiguity, to address PHCS's motion for summary judgment without first giving Plaintiffs a clear opportunity to conduct discovery as to the facts and merits of their individual claims.

Furthermore, the burden on Defendant caused by a denial without prejudice of its motion is likely to be minimal. PHCS emphasizes several times in its response to Plaintiffs' 56(f) motion that "extensive discovery" has taken place, much of which is applicable to the claims of the named plaintiffs. (Doc. no. 160 at 2.) Therefore, any

---

[2] See Rakes v. Life Investors Ins. Co. of Am., 582 F.3d 886, 892 (8th Cir. 2009) ("The parties submitted a proposed scheduling order and discovery plan, which bifurcated discovery. The first phase encompassed class certification *and fact discovery as to the named plaintiffs*; merits discovery was allowed to the extent the discovery sought pertained to both class certification and the underlying claims.") (emphasis added).

5

additional discovery should be minimal. Moreover, PHCS shall be free to re-submit its motion in its entirety after Plaintiffs have had adequate time to conduct discovery as to their individual claims without the restrictions imposed upon them by the Court.

Therefore, in light of Rule 56(f) and in the interest of fairness, Defendant Private Health Care System Inc.'s motion for summary judgment (doc. no. 140) is **DENIED WITHOUT PREJUDICE**. Plaintiffs' 56(f) motion (doc. no. 157) is hereby **GRANTED**. Plaintiffs shall have sixty (60) days from the date this Court files its decision regarding Plaintiffs' motion for reconsideration (doc. no. 158) to conduct discovery regarding the facts and merits of the named plaintiffs' claims. At the conclusion of this period, Defendant PHCS shall be free to re-file a motion for summary judgment against the named plaintiffs.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of February, 2010.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA